IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NELLIE MAE BOWERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| ) | Case No. CIV-13-535-W |
| **COMMISSIONER OF SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

## I. THE ALJ'S DECISION.

In a decision issued on December 20, 2011, the administrative law judge (ALJ) found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to benefits. (Tr. 24-38). The ALJ found Plaintiff to have the following severe impairments: degenerative disc disease, psoriasis, affective mood disorder, and obesity. (Tr. 26). The ALJ found that none of Plaintiff's severe impairments met or equaled the criteria for any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 27). Upon continuing the sequential analysis, the ALJ found Plaintiff to have the residual functional capacity (RFC) to perform a range of light work, described as follows:

> [T]he claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb ropes/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but have no contact with the general public. The claimant can perform low-stress work (defined as occasional decision making and occasional changes in workplace settings).

(Tr. 28-29).

Based upon this RFC finding, at step four of the sequential analysis the ALJ found that Plaintiff was not capable of performing her past relevant work as hospital housekeeper (medium, unskilled), medical assistant, and transcriptionist. (Tr. 37).

2

However, at step five the ALJ found that could perform other jobs existing in the national economy. (Tr. 37-38). In reaching this alternative finding, the ALJ relied on the testimony of a vocational expert (VE) and, as a framework, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. (Tr. 37-38). The VE identified the following representative jobs that a person with Plaintiff's RFC and vocational factors could perform: sewing machine operator, stock checker, and motel cleaner. (Tr. 38).

## II. ERRORS ALLEGED ON APPEAL

In this appeal, Plaintiff alleges that the ALJ erred in two respects; that the ALJ committed reversible error by failing to properly evaluate Dr. Madhavarapu's opinions, ECF No. 14:15, and that the ALJ's rejection of Nurse Baird's opinion was legally flawed and not supported by substantial evidence. ECF No. 14:21.

### A. The ALJ's Treatment of Dr. Madhavarapu's Opinions

Plaintiff claims that the ALJ violated the treating physician's rule by giving little weight to the opinion of her treating physician, Dr. Madhavarapu, without identifying the specific inconsistencies being relied upon in reaching his finding. ECF No. 14:18-20. Plaintiff also claims that the ALJ erred by substituting his own interpretation of the evidence for that of Dr. Madhavarapu's opinion. *Id.* Plaintiff also points out several pieces of evidence that she contends support Dr. Madhavarapu's opinions and yet were either ignored by the ALJ or wrongly interpreted as contradictory to the opinion. *Id* at 19-20.

3

The Commissioner responds that the ALJ explained the reasons for the weight given to Dr. Madhavarapu's opinion, and that Plaintiff is in effect asking the Court to re-weigh the evidence. ECF No. 16:3. The Commissioner contends that the ALJ gave legitimate, specific reasons for according Dr. Madhavarapu's opinion little weight, such as: on examination Plaintiff had full strength of her extremities and no neurological defects; straight leg raising was either positive, or negative only on the left side; no swelling or muscle spasm in the lumbar spine; no pain on range of motion; that cervical MRI revealed degenerative or hypertrophic changes at three levels, but without significant encroachment. ECF No. 16:5

The Tenth Circuit Court of Appeals has long recognized the proper analysis and legal standards for determining the weight to be given to the opinions of treating sources. When considering the opinion of an "acceptable medical source" such as Dr. Madhavarapu, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. § 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight. Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the

opinion is being given, even if it is being rejected. *The ALJ must specify the reasons for the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations*. See Watkins, 350 F.3d at 1301 (emphasis added). Remand is required if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart,* 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id .* at 1119. In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

The Commissioner is correct that the ALJ stated that he was not giving controlling weight to Dr. Madhavarapu's opinion based on inconsistencies with Dr. Madhavarapu's own clinical findings and "other evidence of record." (Tr. 35). The ALJ then goes on to list a few examples—some with citation to the record, but more without any identifying source. (Tr. 35).

However, assuming that the ALJ was correct in failing to give the opinion of Dr. Madhavarapu controlling weight, there is nothing in the decision showing that ALJ proceeded to consider the six factors under the second inquiry when he decided to give the opinion "little weight." *See Langley v. Barnhart,* 373 F.3d 1116, 1121 (10th Cir. 2004). Although the ALJ need not specifically discuss his consideration of the factors in the decision, it must be clear that they were considered. Here, there are several factors directly relevant to Dr. Madhavarapu's opinion that were neither mentioned or considered: the length and frequency of the treatment, including his referral of Plaintiff to several other specialists for imaging studies and pain treatments; the fact that Dr. Madhavarapu specialized in orthopedics; that the treatment relationship included Dr. Madhavarapu following Plaintiff after referral to other doctors for examination; the

6

degree to which Dr. Madhavarapu's opinion is supported by his own clinical notes[1]; and the ALJ's discussion of the consistency between Dr. Madhavarapu's opinion and the record as a whole. Although such was briefly discussed, the discussion omits several medical records that *support* Dr. Madhavarapu's opinion. For this reason, the undersigned recommends that this case be reversed and remanded so that the opinion of Dr. Madhavarapu's can be properly considered under the governing law regarding treating physicians.

B. Rejection of Nurse Baird's Opinion

Because it is recommended that this matter be remanded for error in the ALJ's findings regarding Dr. Madhavarapu's opinion, which will result in another administrative proceeding, the undersigned will not make a recommendation regarding the alleged error related to the ALJ's treatment of Nurse Baird's opinion. Subsequent administrative proceedings may affect the argument that there was error in the ALJ's treatment of Nurse Baird's opinion. However, for the Commissioner's guidance, on remand, care should be taken to satisfy the regulations regarding the consideration of non-acceptable medical source statements. 20 C.F.R. § 404.1513; 20 C.F.R. § 416.1527(a)(2).

---

[1] Although the ALJ stated that Dr. Madhavarapu's opinion was not supported by his own clinical notes, that statement is followed by a list of various findings—the source of which is unclear—and the undersigned's careful review of the evidence shows the ALJ's finding in this regard to be flawed.

7

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 26, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 12, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE